IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY RAY MANES,<br>    Petitioner,<br>vs.<br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br>    Respondent. | No. 3:07-CV-1913-B (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner Billy Ray Manes seeks habeas relief as to his convictions in W99-72432-U(A) and W99-72431-U(A) out of the 291st Judicial District Court of Dallas County, Texas. According to the exhibits attached to Petitioner's original pleading filed on November 12, 2007, his amended habeas petition filed on January 22, 2008, and his pleadings filed on February 12, 2008, (docketed as a motion to drop original charges), Petitioner entered pleas of guilty to injury of a child in Cause Nos. W99-72431-U(A) and W99-72432-U(A). The Court deferred a finding of guilt on December 22, 1999, and placed Petitioner on deferred adjudication probation in each case for a term of ten years. On May 24, 2000, the Court revoked Petitioner's deferred adjudication probation, adjudicated him guilty, and assessed punishment at two years' incarceration in both cases. The records of Petitioner's state habeas actions, which were

submitted by Petitioner, indicate that Petitioner discharged his sentence in Cause No. W99-72431-U on November 8, 2001, and in Cause No. W99-72432-U on November 16, 2001.

## II.  "IN CUSTODY" REQUIREMENT

Pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a), a person must be "in custody" before he can seek federal habeas relief.  This "in custody" requirement has been interpreted by the Supreme Court "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Although the Supreme Court has recognized that the "in custody" language does not require that the habeas petitioner must always be in physical confinement, it has stated:

> We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.

*Maleng*, 490 U.S. at 491.

The Court finds that Petitioner has not met the "in-custody" requirements of 28 U.S.C. § 2254(a) or § 2241(c)(3) because the convictions and sentences he seeks to challenge have been fully discharged.  Petitioner's return address on all of his pleadings indicate that he was not in custody at the time any of the pleadings were filed.  Because Petitioner is not in custody pursuant to the challenged 1999 deferred adjudication probations and subsequent adjudications of guilt in 2000, this Court has no jurisdiction to consider his claims.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the instant habeas corpus petition be **DISMISSED** for lack of subject matter jurisdiction.

**SIGNED this 8th day of April, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE